

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Padilla v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2900

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Padilla v. Beard" (2006). *2006 Decisions*. Paper 187.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/187

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-18    (October 2006)                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2900
_____

GEORGE A. PADILLA,

Appellant
v.

JEFFREY BEARD, Secretary Department
of Corrections; Superintendent ROBERT
SHANNON, SCI Frackville; Unit Manager
MS. MIRANDA, SCI Frackville

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00478 )
District Judge: Honorable Sylvia H. Rambo

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 13, 2006

Before: SCIRICA, <u>Chief</u> <u>Judge</u>, WEIS and GARTH, <u>Circuit Judges</u>.

.

(Filed :  November 16, 2006 )

_____

OPINION
_____

PER CURIAM

    Appellant, George Padilla, proceeding <u>pro</u> <u>se</u>, appeals the District Court's order

dismissing his civil rights complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  Riley appeals.  For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. §1915(e)(2)(B).

Padilla alleges that defendants are responsible for instituting and enforcing a policy known as the "H-Code."  Padilla alleges that, as a result of the H-Code, his status was changed to a more restrictive custody level that made him ineligible to participate in prison and employment programs and ineligible to make phone calls.[1]  Padilla asserts that this change violated his right under the Eighth Amendment to freedom from cruel and unusual punishment.  He also asserts that the application of the H-Code without written notice of the policy violated his right under the Fourteenth Amendment to due process.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Because Padilla has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The District Court concluded that Padilla failed to state a claim on which relief may be granted.  For such a dismissal to be warranted, it must be clear as a matter of law that "'no relief could be granted under any set of facts that could

---

[1]  The record indicates that Padilla was identified as an escape risk through available information and a unanimous vote sheet.  Because Padilla was identified as an escape risk, he was classified as H-Code status, which restricted certain privileges.  Appellant's Complaint at Exhibit A.  Padilla does not allege that the H-Code status resulted in his placement into administrative or disciplinary segregation.

be proved consistent with the allegations.'" Id. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). In making such an evaluation, the District Court must accept as true all of the factual allegations set forth in the complaint and all reasonable inferences that can be drawn from them. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

In order for prison conditions to violate the Eighth Amendment, the conditions "must...involve the wanton and unnecessary infliction of pain, [or] be grossly disproportionate to the severity of the crime warranting imprisonment." Peterkin v. Jeffes, 855 F.2d 1021, 1023 (3d Cir. 1988) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). A prisoner alleging a violation of the Eighth Amendment must demonstrate both (i) an objectively serious deprivation and (ii) deliberate indifference by the prison official defendant in effecting the deprivation. See Wilson v. Seiter, 501 U.S. 294, 298-99 (1991); Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). "It is clear that a prisoner's claim under the Eighth Amendment must establish more egregious conduct than that adequate to support a tort at common law." Williams v. Mussomelli, 722 F.2d 1130, 1134 (3d Cir. 1983). The loss of privileges asserted of by Padilla is clearly insufficient to rise to this level. See Inmates of Occoquan v. Barry, 844 F.2d 828, 836 (D.C. Cir. 1988) ("[C]ertain "deprivations," such as limited work and educational opportunities, do not even fall within the broad compass of "punishments" within the meaning of the Constitution.").

Padilla next asserts that application of the H-Code policy without written notice

3

violated his right to due process. To succeed on a due process claim, Padilla must first demonstrate that he was deprived of a liberty interest. Fraise v. Terhune, 283 F.3d 506, 522 (3d Cir. 2002). Liberty interests may arise from the Due Process Clause or from a state-created entitlement. Id. The Due Process Clause does not subject an inmate's treatment by prison authorities to judicial oversight as long as the degree of confinement or conditions to which the inmate is subjected are within the sentence imposed and do not otherwise violate the Constitution. Id. (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Restriction from employment and prison programs are among the conditions of confinement that Padilla should reasonably anticipate during his incarceration; thus, application of the H-Code policy does implicate a liberty interest protected by the Due Process Clause. See James v. Quinlan 866 F.2d 627, 629 (3d. Cir. 1989); Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002).

Under certain circumstances, states may create liberty interests that are protected by the Due Process Clause. Sandin v. Conner, 515 U.S. 472, 484 (1995). "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id.

Padilla asserts that he suffered an atypical and significant hardship when he was given H-Code status without written notification of the policy. "[I]ncarceration brings about the necessary withdrawal or limitation of many privileges and rights...." Sandin

4

515 U.S. at 485 (quoting <u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 125 (1977)). In <u>Griffin v. Vaughn</u>, 112 F.3d 703, 708 (3d Cir. 1997), we held that administrative custody a for period as long as fifteen months is not an atypical and significant hardship. The conditions placed on prisoners in administrative segregation are far more restrictive than the conditions resulting from Padilla's H-Code classification. <u>See</u> <u>Griffin</u>, 112 F.3d 706-707. Accordingly, Padilla's change in custody classification is not an atypical or a significant hardship that would deprive him of a liberty interest.

For the foregoing reasons, we conclude that Padilla's appeal has no arguable basis in law. Accordingly, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).